Blood *v.* Hardy.

## MIGHILL H. BLOOD *vs.* RUFUS K. HARDY *& al.*

A contract in relation to real estate, to be binding at law, must be in writing, and signed by the party to be charged, or by some other person by him thereunto lawfully authorized; but where the writing is not under seal, it is not necessary, that the authority of one to sign for another should be in writing.

A condition in such writing for the benefit of the party to be charged may be waived by him by parol.

Where acts are to be performed by each party to a contract at the same time, and one tenders money in performance on his part, and brings his action to recover damages on failure of the other party, he is under no obligation to bring the money into Court.

EXCEPTIONS from the Court of Common Pleas.

This was an action of assumpsit to recover damages of the defendants which the plaintiff alleged he had sustained by reason of their refusal to assign to him one sixth part of their interest in a bond made by the trustees of the ministerial and school lands in the town of *Edinburgh,* to one *Nathan Winslow,* and by *Winslow* assigned to the defendants.

To sustain the action the plaintiff offered in evidence a paper of which a copy follows.   " *Bangor, May* 25, 1835.   We hereby agree that *Mighill H. Blood* is entitled to one sixth part of the net gains of the sale of the ministerial and school lands in the town of *Edinburgh,* of which we have this day received the assignment of a bond given by the trustees of said land, and that he shall receive an additional interest of one sixth in said bond by paying in proportion with them to the conditions of said document.   Provided *Milford P. Norton, Esq.* thinks that we are in justice bound to grant said additional interest.

" *Hardy & Perkins.*"

The defendants objected to the admission of the paper in evidence, and required proof of its execution by *Perkins*, admitting at the same time its signature by *Rufus K. Hardy.* The defendants also admitted, that they were at that time partners in trade under the firm of *Hardy & Perkins*, but denied any partnership beyond one for common mercantile purposes. The plaintiff then, for the purpose of showing an authority by *Hardy* to bind the firm, proved that *Perkins* had been on the land, and had personally acted in the purchase of the bond of *Winslow;* that the bond was assigned to *Hardy & Perkins*, that their notes were given as consideration for the assignment; and that when *Hardy & Perkins* made a sale of the bond, a note was taken payable to *Hardy & Perkins.*

The defendants objected to this evidence going to the jury to prove such authority, but PERHAM J., presiding at the trial, admitted the paper, and instructed the jury, that if they were satisfied from the evidence, that *Hardy* had authority to sign the name of *Perkins* to the paper, the signature of the firm by *Hardy* would bind the defendants; but that, being partners would not authorize *Hardy* to use the name of the firm, except in the course of the regular business of the firm, unless he was especially authorized so to do by *Perkins.*

The plaintiff also introduced a witness, who testified, that he was present at the counting room of *Hardy & Perkins*, about the last of *May*, 1835, and that there appeared to be some misapprehension between the plaintiff and *Hardy* in relation to the contract above stated; that the plaintiff told *Hardy*, that *Norton* had declined to decide the matter, and that it was then agreed by said *Hardy* to waive the proviso in the paper, and that the plaintiff should be entitled to the additional sixth without reference to *Norton.* The witness further stated, that the plaintiff told *Hardy* he should pay soon. *Hardy* replied, well you may have it any time. The plaintiff said he was going to *Bucksport*, and witness thinks, he did not return till about a fortnight.

To the admission of the testimony of this witness the defendants objected, but the Judge overruled the objection.

The plaintiff further proved, that ne made a tender to *Hardy* of the sum of $125,50, *June* 11, 1835, and requested an assignment

of one sixth of the bond, and that *Hardy* declined to receive it, because it was too late; that at the expiration of six months he offered to release *Hardy* $130, and in a year tendered $130 more in bills, all of which *Hardy* declined. The land was sold by the defendants before this suit was brought.

On this part of the case the defendants contended, that it was no tender, inasmuch as the money tendered had not been brought into Court, and on this point no ruling was made, but the Judge left this evidence to the jury to say, whether the tender had been in season.

The defendants further contended, that by legal construction, the paper offered contained no agreement to assign a sixth part of the bond to the defendants from *Winslow* to the plaintiff; but the Judge ruled otherwise.

The jury returned a verdict for the plaintiff. To which several rulings and instructions the defendants excepted.

*F. H. Allen*, for the defendants, supported the several grounds of defence taken at the trial, and controverted the correctness of the decisions of the Judge. He cited 9 *Wendell*, 68; *Roberts on Frauds*, 81; 14 *Johns. R.* 358.

*Abbott*, for the plaintiff, defended the decisions at the Common Pleas, and cited *Munroe* v. *Perkins*, 9 *Pick.* 298; *Dearborn* v. *Cross*, 7 *Cowen*, 48.

After a continuance, the opinion of the Court was prepared by

WESTON C. J. — A contract in relation to real estate, to be binding at law, must be in writing, signed by the party to be charged, or some other person thereunto by him lawfully authorized. The instrument adduced in evidence, is not under seal. It was not necessary, that the authority of *Hardy* to sign for *Perkins*, should be in writing. It might be given or proved by parol; and the testimony received to prove it, was, in our judgment, competent. The jury were properly instructed upon this point. If they have found the authority, without sufficient evidence, it is not matter of exception to the opinion of the Judge. But we cannot say, if it was a question before us, that it was insufficient. The defendants were general partners. They bought the bond for the land jointly, to sell again, with a view to profit. They sold jointly; and re-

ceived a note payable to them, by the name of their firm. This may not have been, and probably was not, a part of their ordinary partnership concern ; but being connected, they might speculate together in a business, which attracted general attention at that period.

The agreement contains these words, " provided *Milford P. Norton, Esq.* thinks that we are in justice bound, to grant said additional interest." This was a condition or qualification interposed, for the benefit of the defendants. We doubt not, they might waive it by parol. In *Fleming* v. *Gilbert*, 3 *Johns.* 520, it was held, that the strict performance of the condition of a bond, might be so waived. And the same opinion is intimated in *Dearborn & al.* v. *Thrasher*, 7 *Cowen*, 48. If the proviso was waived, which is in proof, the plaintiff became entitled to the benefit of the contract by paying, or offering to pay, his proportion of the purchase money. The plaintiff made the requisite tender. As it was refused, he is under no obligation to bring the money into Court. He is not the debtor of the defendants. They have realized the profits, in which the plaintiff was to be a sharer. The amount of his proportion was received by them to his use, which sustains the plaintiff's declaration.

*Exceptions overruled.*